IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

DERRICK HOWARD,

    Petitioner,

v.                                                    No. 1:25-cv-01301-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DISMISSING PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND
CLOSING CASE

---

On December 8, 2025, Petitioner, Derrick Howard, register number 31259-076, who is incarcerated at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se document in the related criminal matter, Case No. 1:18-cr-10030-JDB-7. (Criminal Docket Entry ("D.E.") 700.) The Court subsequently construed one of the statements in that document as an invocation of 28 U.S.C. § 2255 to vacate, set aside, or correct Petitioner's sentence, and the Court directed the Clerk to docket the petition in a new civil case and terminate the criminal motion. (*See* Criminal D.E. 701 at PageID 2453.)

In the new civil case, the Court directed Howard to file an amended motion on the official § 2255 form pursuant to Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules"). (*See* D.E. 3.) The Court required Petitioner to submit his amended motion within twenty-eight days of its June 25, 2026, order. (*Id.* at PageID 6.) To date,

Howard has only filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (D.E. 4),[1] but not the amended § 2255 motion.

In his § 2241 petition, Howard stated that he is "seeking an order directing that [his] federal sentence run concurrent to a state sentence or be granted credit for time served in state custody." (D.E. 4 at PageID 7.)  In that petition, Petitioner also noted that he is not challenging the validity of his conviction or sentence imposed under § 2255.  (*See id.* at PageID 10.)  When directed to explain why the remedy under § 2255 was inadequate or ineffective to challenge his conviction or sentence, he responded that he is "not challenging the validity of [his] sentence, but the way it's being executed.  [He] relied on the district court to circumvent the way [his] sentence would be executed as the impression of all credit incarcerated would be given played a part of [him] accepting [his] plea." (*Id.* at PageID 11.)  He restated this point later in the petition.  (*See id.* at PageID 13 (explaining that he is "challenging the way [his] sentence has been executed instead of the validity of the sentence itself").)  Additionally, he acknowledged his "understand[ing] that the [§] 2255 [remedy did] not apply now that [he has] received this information." (*Id.*)

The sentencing credit remedy sought by Howard in the § 2241 petition is "inappropriate" in the context of this § 2255 case.  *See Briggs v. United States*, Nos. 1:16CR176, 1:17CV1874, 2019 WL 1255224, at *12 (N.D. Ohio Mar. 19, 2019).  "This Court does not have authority, under 28 U.S.C. § 2255 to provide sentencing credit to Petitioner, because this type of claim challenges the execution of a sentence, rather than challenging the imposition of a sentence as allowed by 28 U.S.C. § 2255." *Id.* (citations omitted); *see also United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.

---

[1] After Howard filed the § 2241 petition in the § 2255 case, the Clerk created a separate civil case for the § 2241 petition, Case No. 1:26-cv-01147-JDB-jay.  Thereafter, the Court transferred the § 2241 case to the Western Division of the United States District Court for the Western District of Tennessee because Petitioner is currently incarcerated there, making it the appropriate venue under 28 U.S.C. § 2241(a).  (No. 1:26-cv-01147-JDB-jay, D.E. 4.)

1991) ("Because [the] defendant . . . is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply." (citations omitted)).  Instead, the appropriate avenue to contest the execution of a sentence is 28 U.S.C. § 2241.  *See United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *United States v. Crawford*, 477 F. Supp. 266, 269-70 (M.D. Tenn. 1979) (holding that "a request for credit for time served" is "an attack upon the execution of the sentence and may be presented only to a court having jurisdiction under § 2241").  Thus, Howard's § 2241 petition does not support relief under § 2255.

Petitioner has failed to comply with the Court's June 25, 2026, order and has presented no reason why he should be entitled to relief under § 2255.  As noted, he indicated in his § 2241 petition that he is not seeking a remedy under § 2255 (D.E. 4 at PageID 10-11), and he recognized that "[§] 2255 does not apply now."  (*Id.* at PageID 13.)  Therefore, the Court construes Howard's § 2241 petition to display his abandonment of any § 2255 claims the Court construed in his original motion.

Howard's § 2255 petition (D.E. 1) is DISMISSED.  *See* Habeas Rule 4(b) ("If it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.").  Further, reasonable jurists would not debate the correctness of the Court's decision to dismiss the § 2255 petition.  Accordingly, a certificate of appealability is DENIED.  *See* 28 U.S.C. § 2253(c)(2); Habeas Rule 11(a).

The Clerk is DIRECTED to close this case.  The Court has opened a new case for the § 2241 petition and transferred it to the court with the proper venue.  (*See* Case No. 2:26-cv-01147-MSN-atc.)  Howard may pursue his desired relief in that case.

IT IS SO ORDERED this 27th day of July 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE